IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT DANE WILBURN, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 9:22-CV-195-MJT-CLS |
| LEHMAN'S PIPE AND STEEL, R.L. LEHMAN, and HAROLD LEHMAN, *Defendants*. | § § § § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #70)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendant's Motion for Summary Judgment (Doc. #70.) After thorough review, the undersigned recommends granting the motion in full.

**I. Plaintiff's Claims and Procedural Background**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed suit on December 12, 2022, alleging claims under the Fair Labor Standards Act (FLSA) against Defendants Lehman's Pipe and Steel, R.L. Lehman, and Harold Lehman. (Doc. #1.) Plaintiff's initial complaint appeared to articulate the following FLSA claims: (1) Defendants willfully failed to pay Plaintiff overtime that was due to him; (2) Defendants willfully failed to maintain accurate records for Plaintiff's time worked; and (3) Defendants' actions, including the refusal to pay Plaintiff overtime, maintain accurate records, and withholding of Plaintiff's retirement benefits, constitute retaliation against

Plaintiff. Accordingly, on March 8, 2023, the undersigned granted *pro se* Plaintiff leave to amend his complaint to properly allege those three claims under the FLSA and provide any supporting factual allegations. (Doc. #20.) Plaintiff filed his operative, amended complaint on March 23, 2023. (Doc. #27.)

On October 25, 2023, Defendants filed the instant motion for summary judgment asking the court to dismiss all of Plaintiff's claims. (Doc. #70.) Plaintiff filed a motion to strike the motion for summary judgment on November 9, 2023. (Doc. #71.) On January 8, 2024, the undersigned denied that motion to strike, but ordered copies of the transcript from the May 17, 2023, hearing be sent to the parties and required Plaintiff to respond to the instant motion for summary judgment on or before thirty days from receipt of the transcript. (Doc. #79.) Plaintiff received the transcript on January 18, 2024, and mailed a timely response to the instant motion on February 16, 2024. (Docs. #83, #84.) Defendants filed a reply. (Doc. #89.) The matter is now ripe for review.

Additionally, before receiving the transcript, Plaintiff mailed his Motion to Toll Opposing Limitations (doc. #81) to the court. This motion was entered on January 23, 2024, and Defendants filed a timely response. (Doc. #84.) Plaintiff filed a reply. (Doc. #86.) As Plaintiff is proceeding *pro se* and the issue of tolling statute of limitations is central to the instant motion for summary judgment, the undersigned will construe these filings as permissible additional briefing on the issue of tolling for this Report and Recommendation.

## II.   Legal Standard

Summary judgment should only be granted if the moving party can show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify

those portions of the record which it believes demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.* 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Id.* at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.); *cert. denied*, 506 U.S. 832 (1992).

Once the moving party has carried its burden of demonstrating that the absence of a genuine dispute of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, Inc.*, 477 U.S. at 255. However, the non-movant may not rest on mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The court must consider all the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.),

*cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak*, 953 F.2d at 915–16 & n.7; FED. R. CIV. P. 56(c)(3) ("[T]he court need consider only the cited materials."). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. Discussion

Defendants argue that Plaintiff's first claim for overtime pay is barred by the statute of limitations. (Doc. #70 at 16-17.) They then contend Plaintiff lacks standing to bring his second claim regarding their allegedly insufficient record keeping. (*Id.* at 17-20.) Finally, Defendants assert that Plaintiff's third claim about retaliation is barred by the statute of limitations and, alternatively, fails on the merits. (*Id.* at 20-28.) The undersigned addresses each of these arguments and Plaintiff's counterarguments in turn.

#### A. FLSA Overtime Claim

Under 29 U.S.C. §255(a), FLSA claims for unpaid overtime compensation are barred if the plaintiff fails to file suit within two years after the cause of action accrued, or within three years for a "willful violation." 29 U.S.C. §255(a). For an unpaid overtime compensation claim under the FLSA, "[a] cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir. 1987), *modified on other*

4

*grounds*, 862 F.2d 2 (5th Cir. 1987); *Wesley v. Experian Info. Sols., Inc.*, No. 4:18-CV-00005, 2021 WL 765224, at *2 (E.D. Tex. Feb. 26, 2021). "When seeking summary judgment on an affirmative defense, such as claims being barred by a statute of limitations, the movant 'must establish beyond peradventure' each essential element of the defense." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 572 (W.D. Tex. 2019) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986)); *see, e.g.*, *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 652 (W.D. Tex. 2010) (examining evidence of when an employee was last paid to determine when his overtime compensation claim accrued).

Defendants do not provide any evidence on when Plaintiff's last regular pay period occurred. In the absence such evidence, however, a court may make the legal determination that an overtime compensation claim accrues, at the latest, shortly after the plaintiff stopped working for the defendant. *Beasley v. Nixon Home Care, Inc.*, Civ. No. H-08-1225, 2010 WL 11578476, at *6 (S.D. Tex. Jan. 8, 2010) (granting Defendant's motion for summary judgment on statute of limitations grounds by finding that, even without evidence about paycheck timing, Plaintiff White's overtime compensation claim accrued, by the latest, one month after Plaintiff White stopped working for Defendant); *Rodriquez v. Potter*, Civ. No. H-03-5325, 2005 WL 2030838, at *2 (S.D. Tex. Aug. 22, 2005) (finding on summary judgment that Plaintiff's claim were barred by the statute of limitations based on the "uncontroverted evidence… that Plaintiff filed this action almost four years after his final date of employment"); *see also Duke v. City of Lumberton*, Civ. No. 2:17-cv-150-KS-MTP, 2017 WL 6373982 *2 (S.D. Miss. Dec. 13, 2017) (applying the statute of limitation to an FLSA claim where Plaintiff filed "over three years after the last work period for which wages are claimed"); *McCoy v. Defenders, Inc.*, Civ. No. 3:17-cv-207-DCB-LRA, 2017

5

WL 6329600, at *1 (N.D. Miss. Dec. 11, 2017) (using the date "employment ended" to analyze the statute of limitations under the FLSA).

Plaintiff generally contends that during his second period of regular employment with Defendants, which ran from February 2015 to October 2018, he worked overtime but was not compensated for that work.[1] (Docs. #27, #70 at 1.) Defendant argues that the latest possible date that his claim for overtime compensation accrued was in October 2018 or shortly thereafter, which was more than four years before Plaintiff filed the instant suit on December 12, 2022. (Docs. #1, #70.) As it is undisputed that Plaintiff stopped working for Defendants by October 2018, (doc. #70 at 17), Plaintiff's overtime compensation claims under the FLSA are barred under both the two-year and three-year statute of limitations unless tolling is applicable.

    i. *Tolling*

Plaintiff appears to make three arguments as to why the statute of limitations should be tolled in this case, but none of these arguments overcome the FLSA statute of limitations which are strictly construed by courts in the Fifth Circuit. *Cervantez v. TDT Consulting, LLC*, No. 3:18-CV-2547-S-BN, 2019 WL 3948355, at *12 (N.D. Tex. July 22, 2019), *R&R adopted*, No. 3:18-CV-2547-S-BN, 2019 WL 3947585 (N.D. Tex. Aug. 21, 2019).

First, Plaintiff argues that Defendants have failed to provide Plaintiff with certain documents. The concealment of documents can, at the court's discretion, toll FLSA claims of which a Plaintiff is "excusably unaware" to the point at which the documents were made known. *See, e.g.*, *Escobedo*, 694 F. Supp. 2d at 654-55. Here, Plaintiff was aware of his agreement with Defendants to work without overtime pay, and he provides no evidence to suggest that this

---

[1] At the *Spears* hearing on May 17, 2023, Defendants agreed that they failed to pay Plaintiff overtime in violation of the law. The undersigned wholly condemns this behavior, but the issue here is not on the merits of Plaintiff's claims but on whether he timely prosecuted his claims.

information was hidden from him before he filed his lawsuit. Plaintiff appears, instead, to take issue with Defendants' alleged lack of cooperation in the discovery process. Even if Defendants owe Plaintiff some discovery, that fact is immaterial to whether Plaintiff timely filed his suit under the FLSA.

Second, Plaintiff argues that continuing wrong doctrine tolls the statute of limitations for the period he is "still being wronged." (Doc. #81.) This argument misrepresents that doctrine. The continuing wrong doctrine allows a court to toll, when it determines it to be appropriate, claims that (1) occur outside of the statute of limitations but are closely related to other non-time-barred claims, or (2) are repeated within the statute of limitations period. *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990). Plaintiff does not provide evidence that he worked for Defendants and did not receive owed overtime compensation at any point within the statute of limitations, meaning the continuing wrong doctrine is inapplicable.

Finally, Plaintiff argues that his complaint with the Department of Labor (DOL) tolls the statute of limitations through the present day as he alleges it still pending. Assuming *arguendo* that filing a complaint with the DOL merits equitable tolling of the statute of limitations for the instant claim, Plaintiff's overtime compensation claim is still barred by the statute of limitations because his complaint was mailed to the DOL in October 2022, nearly four years after the claim accrued. (Docs. #89 at 3, #85 at 15-16.) Accordingly, Defendants have shown by a peradventure of the evidence that Plaintiff's claim for overtime compensation under the FLSA are barred by both the two-year and three-year statutes of limitations.

  B. FLSA Recordkeeping Claim

Plaintiff next alleges that "Defendants willfully failed to maintain and keep accurate records of overtime and times worked and fail[ed] to report true earnings through social security

7

and Internal Revenue [Services] for tax purposes." (Doc. #27 at 2.) Those allegations, taken as true, suggest Defendants failed to adhere to 29 U.S.C. §211(c) of the FLSA. Plaintiff does not have standing, however, to litigate those claims, as "[i]t is well settled that there is no private cause of action for violations of the FLSA's recordkeeping provisions." *Lobo v. Sprint Safety, Inc.*, No. 4:19-CV-3934, 2020 WL 1659888, at *2 (S.D. Tex. Mar. 30, 2020) (collecting cases); *see Adriano-Favela v. Empire Scaffold, LLC*, No. 1:13-CV-377, 2016 WL 10988589 (E.D. Tex. Mar. 2, 2016), *R&R adopted*, No. 1:13-CV-377, 2016 WL 1168141 (E.D. Tex. Mar. 24, 2016), *aff'd sub nom. Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222 (5th Cir. 2017) (collecting cases). Plaintiff's second claim should, therefore, be dismissed without prejudice.

### C. FLSA Retaliation Claim

Finally, Plaintiff alleges he was retaliated against for bringing "safety issues" to Defendants' attention. (Doc. #88 at 5.) Defendants argue this claim is barred under the statute of limitations and, in the alternative, fails on the merits. (Doc. #70 at 20-21.) To determine if Plaintiff's FLSA retaliation claim is time barred, the undersigned must first determine what relief Plaintiff seeks for this claim, as the aforementioned FLSA statute of limitations applies to "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages" brought under the FLSA. 29 U.S.C. §255. After review of the record, the undersigned finds Plaintiff requested "compensation" and "liquidated damages" in his motion to amend, (doc. #5 at 4), which was incorporated into his operative amended complaint. (Doc. #27 at 7.)

Accordingly, Plaintiff's retaliation claim is barred unless it accrued two years before he filed this suit on December 12, 2022, or three years if the violation was willful. It is undisputed that Plaintiff left Defendants' employment in October 2018, meaning his retaliation claim accrued in October 2018, nearly four years before he filed this instant suit. As explained above, there is

8

no basis to toll the statute of limitations here. *See supra* III.A.i. Defendants have, therefore, shown by peradventure of the evidence that Plaintiff's retaliation claim should be dismissed. The undersigned need not reach the merits of the claim.

## IV. Conclusion

The undersigned finds that (1) Plaintiff's first claim for overtime pay is barred by the statute of limitations and should dismissed with prejudice, (2) Plaintiff lacks standing to bring his second claim alleging records keeping violations and that claim should be dismissed without prejudice, and (3) Plaintiff's third claim for retaliation is barred by the stature of limitations and should be dismissed with prejudice.

## V. Recommendation

The court should **GRANT** Defendants' Motion for Summary Judgment (doc. #70) in full.

## VI. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, objections are limited to **eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 10th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE