IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ROBERT DANE WILBURN,<br>*Plaintiff*,<br><br>v.<br><br>LEHMAN'S PIPE AND STEEL, R.L. LEHMAN, and HAROLD LEHMAN,<br>*Defendants*. | §<br>§<br>§<br>§  CIVIL ACTION NO. 9:22-CV-195-MJT-CLS<br>§<br>§<br>§<br>§ |

**MEMORANDUM ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 90]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the Court is Defendants' Motion for Summary Judgment [Dkt. 70].

On April 10, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 90] with the following conclusions and recommendations: (1) Plaintiff's FLSA overtime compensation claim is barred by the statute of limitations and should be dismissed with prejudice, (2) Plaintiff lacks standing to bring his FLSA recordkeeping claim, which should be dismissed without prejudice, and (3) Plaintiff's FLSA retaliation claim is barred by the statute of limitations and should be dismissed with prejudice.

**I.  Plaintiff's Objections to the Report and Recommendation are Overruled**

On April 22, 2024, Plaintiff both timely filed formal objections [Dkt. 92] and mailed the Court a letter [Dkt. 93] with additional objections that has been entered into the record. Together

the formal objections and subsequent letter are five-and-a-half pages, well within the eight-page limit for objections. The Court will, therefore, consider both of *pro se* Plaintiff's filings as operative objections to Judge Stetson's Report and Recommendation.

### A. Legal Standard

A party who timely files specific, written objections to a Magistrate Judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### B. Discussion

Plaintiff's objections are often non-responsive to Judge Stetson's Report and Recommendation. For example, Plaintiff objects to the fact that Judge Stetson never appointed counsel for Plaintiff, that opposing counsel did not recuse himself for some unspecified reason, and that Defendants did not comply with their discovery obligations. The Court need not address these arguments as they are not specific objections to the Report and Recommendation [Dkt. 90].

After thorough review of the filings, the Court finds that Plaintiff has discernably objected in the following ways: Plaintiff alleges (1) Judge Stetson erred by not applying a six-year statute of limitations, under which his first and third FLSA claims would survive, (2) Judge Stetson erred

2

by not finding Plaintiff was suffering from a continuing harm which tolls the applicable statute of limitations, and (3) Judge Stetson did not address the substance of his claims for unpaid overtime under the FLSA. The Court will address each argument in turn.

### i. Judge Stetson Applied the Appropriate Statute of Limitations

Under 29 U.S.C. §255(a), FLSA claims for unpaid wages, compensation, and liquidated damages are barred if the plaintiff fails to file suit within two years after the cause of action accrued, or within three years for a "willful violation." 29 U.S.C. §255(a). Judge Stetson properly found that both Plaintiff's FLSA overtime claim and his FLSA retaliation claim, for which he sought compensation and liquidated damages, accrued in or shortly after October 2018, over four years before Plaintiff filed suit. These claims, therefore, are barred by the FLSA's statute of limitations. Plaintiff provides no explanation for why an alternative six-year statute of limitations should apply. This objection is overruled.

### ii. Plaintiff's Injury is Not a "Continuing Wrong" for the Purposes of Tolling the FLSA's Statue of Limitations

Plaintiff asserts he has suffered continuous harm in not receiving what he believes he is owed from Defendants and argues this tolls the FLSA's statute of limitations. As Judge Stetson correctly notes continuing wrong doctrine allows a court to toll, when it determines it to be appropriate, claims that (1) occur outside of the statute of limitations but are closely related to other non-time-barred claims, or (2) are repeated within the statute of limitations period. *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990). Plaintiff does not provide evidence or caselaw to suggest this doctrine applies here. This objection is overruled.

### iii. Statute of Limitations Override Substantive Violations of the Law

Plaintiff's final objection is to the fact that Judge Stetson does not act on Defendants' admission at the May 17, 2023, *Spears* hearing that they failed to pay Plaintiff overtime in violation

3

of the FLSA.  The issue before the Court in Defendants' Motion for Summary Judgment, however, is not whether Defendants violated the FLSA.  They admitted that they did [Dkt. 85 at 12].  The sole issue before the Court is whether Plaintiff timely prosecuted his claims.  The Court understands Plaintiff's frustration, but Judge Stetson properly applied the statute of limitations to Plaintiff's FLSA overtime compensation claim, meaning the Court can go no further in addressing that claim.

## II.     Conclusion and Order

The Court has conducted a *de novo* review of Plaintiff's objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, Plaintiff's objections [Dkts. 92, 93] are OVERRULED.  The Report and Recommendation of the United States Magistrate Judge [Dkt. 90] is ADOPTED.

Defendants' Motion for Summary Judgement [Dkt. 70] is GRANTED in full. Plaintiff's FLSA overtime compensation is barred by the statute of limitations and is DISMISSED with prejudice.  Next, Plaintiff's FLSA recordkeeping claim is DIMISSED without prejudice for lack of standing.  Finally, Plaintiff's FLSA retaliation claim is barred by the statute of limitations and is DISMISSED with prejudice. As all of Plaintiff's claims are DISMISSED, a final judgment of dismissal will be entered.

**SIGNED this 1st day of May, 2024.**

Michael J. Truncale
United States District Judge